Judge Owsley
delivered thb Opinion of the Court.
This is an appeal from a decree of the court below, dismissing a bill exhibited in chancery by the appellants, and dissolving their injunction, obtained against judgments recovered by the appel-lees witb damages and cost.
Grounds of complaint stated jn the bill;
Found, bn thg evidence, there was fraud in the " contract.
Mistake of ^sale b^the* aorefo/the6 boundaries of patent, undei^by which ho sold and conveyed the grant, is ground for rehef againjf payment of so much of the purchase -money.
*281 The judgments at law were recovered upon notes executed by the appellants, under a contract made by the appellant; Grant, through his agent, William Sebree, with the appellee, for the purchase of a tract of land, and the object of the bill, is to be relieved from the contract’upon the grounds.
1st. Of fraud committed by the appellee, Combs, jn making t|ie contract, and—
2nd. The mistake of Sebree, the agent of Grant, in purchasing the lahd, which at the time belonged to Grant, bnt which was believed to be, but which was not, in the boundary of James Spilman’s patent for 842 acres..
The fraud charged in the bill is denied by Combs, in his answer, and the evidence in the cause supports the denial. Combs appears to have acted in making the contract, as the attorney in fact of Bar-bee and Warren, to whom the title of Spilman, under the patent for the 842 acres, has been conveyed; and there is nothing in the cause, calculated in the slightest degree, to cast upon Combs the imputation of unfair dealing. He was, in point of fact, authorized by Barbee and Warren, to sell their title to the land which had been patented to Spilman; and in contracting with Sebree, who acted for Grant, it is perfectly clear, that be did nothing more than sell lands which he honestly believed to be contained in the boundary of Spilman’s patent. There is, therefore, no pretext for relieving Grant from the contract, on the ground of fraud.
But it is otherwise, as respects the second ground relied on for relief. Sebree, as well as Combs, thought-he was purchasing the land contained in the patent boundary of Spilman only, and though both of them acted fairly in the matter, it is evident from the exhibits and proof in the cause, that each was mistaken as to the actual boundary of that patent, and that Combs sold, and Sebree purchased, a considerable quantity of land not within Spilman’s patent. The patent was believed by the parties, to contain a considerable surplus. By a survey executed before the contract was entered into, the |>a- *282 tent boundary was made to contain twenty-two hundred and forty-five acres, and supposing that survey to be correctly made, and the number of acres correctly reported, the contract was concluded by which Combs was to convey the whole of the land so surveyed by special warranty deed to Grant, and Grant by his agent, Sebree and others, as his sureties, were to execute notes payable at the respective times agreed on by the parties, for the price which was twelve and one half cents per acre, for all the land contained in the survey, except three hundred and ninety-four and three fourths acres, and for that quantity, two dollars per acre. The not.es were accordingly executed hv the one party, and the deed of conveyance by the other. Instead, however, of 2,245 acres, as supposed by the confracting parties, to be contained in the patent boundary of Spilman, it turns out, fro in the proof in the cause, that but one thousand two hundred and thirteen acres of the land sold by Combs, are contained in Spilman’s patent. For the land not contained in that patent, though sold by Combs, he most clearly has no just right to be paid, nor can Grant, upon any principles of equity, be compelled to make pay - ment therefor. The mistake of the parties with respect to the true boundary of Spilman’s patent, does away any claim, which, in moral justice, Combs can set up for the price of the land not contained in that patent, and relieves Grant from any equitable obligation to make payment therefor. But beyond the price of the land not contained in the patent, the mistake of the parties forms no ground for relief to Grant.
In such ease, the ¡and not obtained not being material to the purchaser, the vendee cannot have a rescission.
The purchase was by the acre, and from the whole complexion of the transaction, it is not probable that if the true boundary had been known to the parties, it would have produced any other effect than to reduce the sum for which the notes were given to Combs, the amount agreed to be given for the land, not included in Spilman’s patent. Grant owned the land covered by Spilman’s patent, and was desirous to extinguish his claim. His object was to purchase whatever land that patent included, and having, through his agent, purchased at a *283 fixed price per acre, what was supposed to be con-tainetl in the patent, though his agent was mistaken as to part of the land not being within the patent, he can have no just cause to be relieved for more than the value per acre fixed by the contracting parties, on the part not contained in the patent. That value, we understand from the proof in the cause, to be twelve and one half cents per acre, amounting in the whole, to one hundred and twenty-nine dollars. Por that sum, the court below, instead of dismissing Grant’s bill should have decreed in his favor.
Deduction want of thfeian? directed to be taken equal-Instalments6
Sale by one who purchas. 0f a partof the land, not claim, but in-eluded in his px ^objection to relief against ths Yo^mnch of the purchase money. — It is or^Ta'sur-40 render of the possession in such oase’
Triplett, for appellants; Combs, fox appellee.
But as the price agreed to be paid for the land, was to be paid by instalments, the one hundred and twenty-nine dollars, should be divided into as many instalments as that of the entire price agreed to be paid for the land, and an equal part thereof, credited upon each note given for the land, at the time it became payable.
The circumstance of Grant having, since the conVeyance was made by Combs, conveyed the land to others, forms no obstacle to such a decree. The land out of Spilman’s patent, belonged to Grant before the contract was made by his agent, Sebree, and not to Warren and Barbee, for whom Combs acted in making the sale. Neither Combs nor those for whom he acted in making the sale, can, therefore, have any right to be restpred to the land, as is usually done in decreeing a cancelment of a contract, Nor is it discerned how any damages can hereafter resnlt, either to Combs, or those for whom he acted by the covenant of warranty, contained in the deed executed by him. The warranty is a special one, against the claim of Warren and Barbee, and others claiming trader them only, and of course, neither Warren and Barbee, nor Combs, can be in any danger of loss, should the land be hereafter recovered from Grant or his alienees, by a paramount claim.
The decree must be reversed with cost, the cause remanded to the court below, and such decree there entered, as may not be inconsistent with the princi-pies of this opinion.